Ruffin, J.
ft is admitted by the Complainant, that his cáse is one which might have been relieved at law ; and the reason given why it was not, is, that he did not attempt, in a proper manner, to prove a material fact in the trial at law ^ having been advised by his counsel, that such proof was unnecessary. He now insists that it is in his power to make the necessary proofs, and prays to have an opportunity to do so here. In this point of view* the bill is an appeal to this Court for a new trial in Equity. If a new trial had been proper, the Court of Law was entirely competent to grant it. It is a subject of the ordinary jurisdiction of those Courts. But the Complainant further says, that he did move for a new trial, and was refused; and this refusal is made another ground for' Coming into this Court. In this respect, the bill is fot relief against the errors of the judgment at law.
If these facts laid any foundation for a suit in Equityy there would soon be an end to all proceedings at Laws *180 Upon one or other of these points, either to hear errorsr °f the CoUrc or re-try the facts falsely found by the jury,; all causes would end in Chancery, and the Courts of Comma» Law be abolished.
It is Unnecessary to sáy, whether the bpinion of the Superior Court rías right or not; though it may well be doubted whether the mistake 6f counsel upon t^point of law, as stated in the bill, forms á ground for a new trial: Zachary v. Lester, in this Court. Whether right or wrong, a Court of Equity is not to hear errors or reverse judgments at law. The case of Ambler v. Wild,* has been cited bji the Defendant; and it must be admitted, that it goes the full length of the present case. But that decision is a solitary one, and I cannot allow to it the authority of overturning a long train of contrary decisions and the oldest and best established maxims of our law.
Courts of Law and Courts of Equity are both eminently useful, and, perhaps, alike indispensable. But they are very differently constituted, proceed by different modes, take cognizance of different subjects, and are intended tot different purposes, fin their original organization, their jurisdictions are separate, and it appears to me that their utility can only be preserved by keeping them unblended.
I am, therefore, of opinion, that Equity ought not, in any instance, to interfere, where a competent relief migltfi have been had at Law ; and, consequently, that
The bill must be dismissed.
The fest of the Court concurred.

 2 Wash. Rep. 36.